**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1484-17T4

STATE OF NEW JERSEY, BY THE
DEPARTMENT OF ENVIRONMENTAL
PROTECTION,

     Plaintiff-Respondent,

v.

ARTHUR WILLIAMS III,[1]

     Defendant-Appellant.

_____

Argued February 3, 2020 – Decided April 16, 2020

Before Judges Fasciale, Rothstadt and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-2951-16.

Arthur Williams III, appellant, argued the cause pro se.

George G. Frino argued the cause for respondent (DeCotiis, FitzPatrick, Cole & Giblin, LLP, attorneys; Michael J. Ash, of counsel and on the brief; Gregory J. Hazley, on the brief).

---

[1] The pro se appellant mislabeled his caption to read Williams v. DEP.

PER CURIAM

Defendant appeals from an October 13, 2017 order authorizing the Department of Environmental Protection (DEP) to exercise its power of eminent domain.[2] Defendant is a property owner who responded to DEP's complaint by offering access to his property, but refusing to grant an easement. The judge rendered a final judgment granting DEP the authority to take the easement for shore protection.

On appeal, defendant argues:

> POINT I
>
> ARBITRARY [AND] CAPRICIOUS – [DEFENDANT] HAS OFFERED THE NJ DEP, VIA A LETTER TO GOVERNOR CHRISTIE, . . . AND VIA THE ANSWER AND ORAL ARGUMENT AT THE TRIAL, ACCESS AT NO CHARGE TO AND UPON HIS PROPERTY FOR PURPOSES OF CARRYING OUT THE COASTAL STORM DAMAGE REDUCTION "PROJECT." THEREFORE THE TAKING OF HIS PROPERTY IS UNNECESSARY, ARBITRARY AND CAPRICIOUS AND THE TAKING MUST BE DENIED.

---

[2] We listed this appeal back-to-back with State v. 3.814 Acres of Land in the Borough of Point Pleasant Beach, State v. 10.041 Acres of Land in the Borough of Point Pleasant Beach, and State v. .808 Acres of Land in the Borough of Point Pleasant Beach (collectively Risden's); sixty-three consolidated cases known as State v. 1 Howe Street Bay Head, LLC (Howe); and New Jersey Department of Environmental Protection v. Midway Beach Condominium Ass'n (Midway). On this date, we issued opinions in Howe, Risden's, and Midway.

POINT II

SUMMARY JUDGMENT – [DEFENDANT] MADE A BROAD OFFER OF COOPERATION TO THE DEP WHICH GAVE THE DEP THE ACCESS IT NEEDED TO CARRY OUT THE PROJECT. [THE] DEP DID NOT ACCEPT THE OFFER OR ATTEMPT TO MODIFY IT AND DUE TO ITS FAILURE TO RESPOND, ITS CASE SHOULD BE DISMISSED ON A SUMMARY BASIS AS REQUESTED IN THE [DEFENDANT'S] ANSWER.

POINT III

NON-EXISTENT EASEMENT – THE DEP MAY WELL HAVE THE RIGHT TO TAKE EXISTING RIGHTS OF WAY OR EASEMENTS BUT IT CANNOT TAKE SUCH RIGHTS IF THEY DO NOT EXIST.

POINT VI

FURTHER TO [POINT III] REGARDING NON-EXISTENT EASEMENTS, GIVEN THE DEP'S RELIANCE ON A NON-EXISTENT EASEMENT, THE TAKING IS ARBITRARY AND CAPRICIOUS.

POINT V

GRANTOR-LESS GRANT OF EASEMENT. THE FINAL EASEMENT THE DEP CREATED AND TOOK WAS IN THE FORM OF A GRANTED EASEMENT BUT IT HAD NO GRANTOR, NOR DID THIS EASEMENT CONTAIN ANY CLUES AS TO HOW IT CAME TO LIFE OR HOW IT COULD HAVE ANY VALIDITY. THUS THE TAKING SHOULD BE DENIED.

A-1484-17T4

POINT VI

CASP – THE SUPERIOR COURT APPELLATE DIVISION SUPPORTS THE CIVIL APPEALS SETTLEMENT PROGRAM. THE SUPERIOR COURT SHOULD HAVE ACCEPTED [DEFENDANT'S] OPENNESS TO THIS OR SIMILAR PROGRAMS, WHICH MIGHT HAVE RESULTED IN A SETTLEMENT AND THUS AVOIDED THIS APPEAL.

POINT VII

NON-RESPONSE – THE FUNDAMENTAL REASON FOR THE EXISTENCE OF COURTS IS TO REVIEW ISSUES BROUGHT BEFORE THEM. I BELIEVE THE SUPERIOR COURT ERRED IN NOT ADDRESSING AND RESPONDING TO THE ISSUES OF:

[A.] NON-EXISTENT EASEMENT

[B.] CONTRACT, GRANT OR OTHER METHOD OF CREATING AN EASEMENT

[C.] REQUEST FOR SUMMARY JUDGMENT

[D.] APPELLANT'S INTEREST IN ADL, CASP OR OTHER NEGOTIATED SETTLEMENT.

I SEE NO ALTERNATIVE BUT FOR THIS COURT TO REMAND THESE MATTERS TO THE SUPERIOR COURT.

POINT VIII

INDEPENDENCE OF THE JUDICIARY – THE JUDICIARY MUST PROTECT THE PEOPLE FROM

4

A-1484-17T4

EACH OTHER BUT IT MUST ALSO PROTECT THEM FROM THE STATE. WHEN THE STATE IS OVERREACHING OR THE JUDICIARY IS FAILING TO MAINTAIN ITS INDEPENDENCE, THE JUDICIARY MUST CORRECT THE STATE OR ITSELF.

POINT IX

DEATH OF EMINENT DOMAIN IN NJ – WHILE OUR FOCUS TODAY IS ON [THIS SPECIFIC CASE], THE IMPORTANCE OF THE CASE FAR EXCEEDS THE METES AND BOUNDS OF 359 EAS[T] AVENUE IN BAY HEAD. EMINENT DOMAIN IS ON THE VERGE OF EXTINCTION IN NEW JERSEY AND IT MUST BE SAVED.

We conclude defendant's arguments lack sufficient merit to warrant attention in a written opinion. R. 2:11-3(e)(1)(E). We add the following brief remarks.

In November 2016, DEP filed a verified complaint against Arthur Williams III and Sandra C. Williams,[3] owners of beachfront property in Bay Head, New Jersey. The Williamses offered access to their property but denied an easement. The Williamses filed for summary judgment, which the judge denied. In June 2017, DEP filed an amended verified complaint. On October 13, 2017, the judge entered final judgment and appointed commissioners.

DEP has broad condemnation powers and may create an easement or other

---

[3] Sandra Williams is not participating in the appeal.

A-1484-17T4

interest in property. <u>State v. North Beach 1003, LLC</u>, 451 N.J. Super. 214, 240 (App. Div. 2017). DEP's "discretion will not be interfered with by the courts in the absence of fraud, bad faith or circumstances revealing arbitrary or capricious action." <u>Tex. E. Transmission Corp. v. Wildlife Preserves, Inc.</u>, 48 N.J. 261, 269 (1966). Here, defendant has made no showing of fraud, bad faith, or arbitrary or capricious action. There is no basis for interfering with DEP's properly exercised discretion.

Defendant argues that the judge conferred in chambers with DEP's counsel while counsel for other defendants and this pro se defendant watched in silence. At the hearing's conclusion on October 13, 2017, the judge invited DEP's counsel into chambers to discuss issues pertaining to the condemnation commissioners. Defense counsel for other defendants in the back-to-back matters, and this defendant did not object or voice concern about the judge conferring with DEP's counsel.

Defendant contends the commissioners hired by the State owe allegiance to the State, and therefore they should not be permitted to determine just compensation. We disagree. To ensure fairness and lack of bias, the commissioners must take an oath to "faithfully and impartially" perform their duties, and to "make a true award to the best of their skills and understanding." N.J.S.A. 20:3-12. Additionally, defendant has not presented evidence of bias.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-1484-17T4